CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 30 2008

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS L. JONES,<br>    Plaintiff, | Civil Action No. 7:08-cv-00436 |
| v. | **MEMORANDUM OPINION** |
| MARK TIMOTHY WILLIAMS, et. al.,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Douglas Lee Jones, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Jones asserts that the defendants changed his sentence without him being present and "allowed people to use [his] bank card while in the property room." Jones seeks a new trial and monetary damages. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I

On a form designed to assist inmates in bringing § 1983 complaints, Jones makes the following brief statement of his claims:

1. Mark Timothy Williams had my sentence changed after the judge told him and the commonwealth attorney twice.
2. Halifax County Circuit Court changed my sentence with out me being there. Probation and Parole District 08 fell [sic] to send D.O.C. parole officer.
3. Blue Ridge Regional Jail Authority ("BRRJA") allowed people to use my Bank card while in the property room.

Jones then attaches several documents to the complaint form. One purports to be a "civil malpractice

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

action" against the individuals already mentioned and others, addressed to the Court of Appeals of Virginia. This pleading alleges that these individuals "altered [Jones's] sentencing order" in October 2002 and that his Wachovia check card was removed from the personal property department of the BRRJA in April 2002. A second attachment purports to be an appeal from two convictions entered against Jones by the Circuit Court of Halifax County in August 2002; the style of this pleading states: "In the Circuit Court of Halifax County." A third attachments appears to be a printout from a Virginia State Police website, giving information about Jones as a registered sex offender. This document indicates that Jones was convicted of two criminal counts in Halifax County in October 2002. A fourth, handwritten document appears to be a representation of a sentencing transcript from Jones's criminal proceedings.

II

No federal statute of limitations applies in § 1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, §1983 actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(a). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Id.

The time of accrual of a cause of action under § 1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). In Nasim, the United States Court of Appeals for the Fourth Circuit held that a cause of action under §1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm

2

done to him that reasonable inquiry will reveal his cause of action." Id. An inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Lewis v. Richmond City Police Depot, 947 F.2d 733, 735 (4th Cir. 1991). In Virginia § 1983 cases, then, if an inmate has not delivered his complaint to prison officials for mailing within the two-year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

Under these principles, it is clear from the face of plaintiff's pleadings that to the extent any of his claims are actionable under § 1983,[2] they are barred by the applicable, two-year statute of limitations. The alleged violations at issue occurred in 2002. Jones does not offer any indication that he learned about these events and injuries only within the last two years. Inexplicably, he waited until July 22, 2008, to sign and date his complaint. Even considering the complaint "filed" as of the date on which he signed it, the court is satisfied that the case was not commenced within two years after the claims accrued and that the claims are, therefore, time barred under Virginia Code Ann. § 8.01-243(a). Accordingly, the court finds that plaintiff's complaint must be dismissed for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

---

[2]To the extent Jones is alleging that unconstitutional actions by Williams and the court caused him to receive a longer criminal sentence, he may not recover damages on such claims until he demonstrates that the sentence has been invalidated or set aside. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Moreover, to the extent that he seeks a new trial, his claims are appropriately presented in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as they challenge the fact and length of his confinement. See Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). The court will not construe his present pleading as a habeas petition, however, because it appears to be timebarred under 28 U.S.C. § 2244(d)(1)(A). Finally, his claim that he lost money because jail officials allowed someone to use his bank card is not actionable under § 1983, because he possessed tort remedies under state law, Virginia Code § 8.01-195.3. See Hudson v. Palmer, 468 U.S. 517 (1984) (finding that random deprivation of an inmate's property caused by intentional or negligent actions of prison officials does not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available.").

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of July, 2008.

/s/ James C. Turk
Senior United States District Judge

4